United States District Court
Southern District of Texas
**ENTERED**
June 17, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EKT HOLDINGS, LLC, | § § | |
| *Plaintiff*, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:24-cv-2106 |
| NXGEN BRANDS, INC., GENTECH HOLDINGS, INC. d/b/a SUPPLEMENT GROUP, DAVID LOVATT, and LEONARD ARMENTA, | § § § § § § | |
| *Defendants.* | § | |

## ORDER

Pending before this Court is EKT Holdings, LLC's ("Plaintiff") Motion for Default Judgment against NXGEN Brands, Inc. ("NXGEN"), GenTech Holdings, Inc. d/b/a Supplement Group ("Supplement Group"), David Lovatt ("Lovatt"), and Leonard Armenta ("Armenta"; collectively, with NXGEN, Supplement Group, and Lovatt, "Defendants"). (Doc. No. 18). Defendants did not respond to the motion, and the time to do so has long passed, making the motion ripe for ruling.

Before considering the merits of the motion, however, "[a]s a court of limited jurisdiction, a federal court must affirmatively ascertain subject-matter jurisdiction before adjudicating a suit." *Venable v. La. Workers' Compensation Corp.*, 740 F.3d 937, 941 (5th Cir. 2013). "The plaintiff has the burden of establishing jurisdiction." *Id.*

Here, it is unclear whether this Court has subject-matter jurisdiction. First, Plaintiff pleads that "[s]ubject matter jurisdiction is appropriate in this Court under 28 U.S.C. § 1333 because the amount in dispute is in excess of $75,000 and the parties are fully diverse." (Doc. No. 1 at 3). Section 1333, however, deals with admiralty, maritime, and prize cases, not a state-law breach of

contract case like this one. *See* 28 U.S.C. § 1333. Based on the statement regarding the amount-in-controversy and diversity of parties, Plaintiff likely means this Court has jurisdiction under 28 U.S.C. § 133**2**, which confers upon district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between[] citizens of different states." 28 U.S.C. § 1332(a)(1).

Second, even under the diversity jurisdiction statute, the pleaded facts do not clearly give rise to diversity jurisdiction. Plaintiff pleads the following jurisdictional facts as to Defendants:

1. NXGEN "is a Nevada corporation with its principal place of business in the state of Colorado," (Doc. No. 1 at 1);

2. Supplement Group "is a publicly traded company with its headquarters in New York," (*id.*);

3. Lovatt "is a person of the age or [sic] majority and a domiciliary of the state of Florida," (*id.*);

4. Armenta "is a person of the age of majority and a domiciliary of the state of Colorado," (*id.* at 2).

From those pleaded facts arise two unanswered, but crucial, questions: (1) the state of incorporation for Supplement Group, *see* 28 U.S.C. § 1332(c)(1); and (2) Plaintiff's citizenship. If Plaintiff shares citizenship with any of Defendants, including the undisclosed citizenship of Supplement Group via its state of incorporation, this Court would be without subject-matter jurisdiction.

To be sure, Plaintiff pleads that it is a "Delaware limited liability company" and that "[n]one of its members are citizens of the state of Texas." (*Id.* at 1). These facts, however, are irrelevant for the diversity-jurisdiction analysis here. For diversity purposes, courts do not consider the state of organization of an LLC to determine its citizenship. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080–81 (5th Cir. 2008). Instead, "the citizenship of a[n] LLC is determined by the citizenship of all its members." *Id.* at 1081. Thus, that Plaintiff is a Delaware LLC does not aid the

Court's jurisdictional analysis. Moreover, while Plaintiff's pleading that its members are not citizens of Texas applies the correct standard for determining the citizenship of an LLC, such pleading, without more, establishes only that Plaintiff is not a citizen of Texas. That is insufficient to establish diversity of citizenship, however, because Plaintiff pleads that Defendants are citizens of Nevada, Colorado, New York, or Florida. *See* (Doc. No. 1–2). Plaintiff needed to plead that it was a citizen of a state other than *those* states to plead complete diversity (not Texas), and must have done so affirmatively, not in the negative. *See Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) ("We have stated repeatedly that when jurisdiction depends on citizenship, citizenship must be *distinctly* and *affirmatively* alleged.") (internal quotes and citation omitted).

Consequently, before this Court can rule on the pending Motion for Default Judgment, it must "affirmatively ascertain subject-matter jurisdiction." *Venable*, 740 F.3d at 941. To that end, it **ORDERS** Plaintiff to distinctly and affirmatively show, through an affidavit or otherwise, the citizenships of all parties, **no later than July 4, 2025**.

It is so ordered.

Signed on this the \_\_16th\_\_ day of June, 2025.

Andrew S. Hanen
United States District Judge

3